R. P. CONKLIN, Respondent, v. REDEMEYER--HOLLISTER COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, December 4, 1900.

1. **Testimony, Subjects of Common Knowledge: WITNESS.** Onions are subjects of common knowledge, and like all other things of common knowledge may be described as to size and condition by the common people with accuracy, and to the satisfaction of the jury.

2. ———: ———: ———: **ISSUE.** In the case at bar there was testimony on the part of plaintiff sufficient to warrant the court to submit the issues to the jury.

Conklin v. Com. Co.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*Rassieur & Buder* for appellant.

(1) The letter and telegrams of Haueisen & Lang to respondent were clearly hearsay testimony. The letter of respondent to Haueisen & Lang was not admissible as against appellant. All were admitted against the objections of appellant. O'Neil v. Crain, 67 Mo. 251; Fogue v. Burgess, 71 Mo. 389; Hoskins v. Railway, 19 Mo. App. 315; Hess v. Railway, 40 Mo. App. 206; Proffer v. Miller, 69 Mo. App. 507. (2) The court erred in admitting as expert testimony the depositions of Robert H. Marvin and Harry Wiltsey, respectively railroad station agent and assistant freight agent at Chester, New York. They showed no qualification as experts. "An expert is one who by practice or observation has become experienced in any science, art or trade." Gaines v. Railway, 47 Mo. App. 173; Hartman v. Muehlebach, 64 Mo. App. 565; Helfenstein v. Medart, 136 Mo. 595; Fullerton v. Fordyce, 144 Mo. 530.

*Charles S. Reber* for respondent.

(1) Appellant's first point, that the court erred in admitting the letter written by Haueisen & Lang, is wrong in point of fact. As the original bill of exceptions shows, this letter was excluded on appellant's objection. (2) But appellant is not now in a position to complain of its admission, even on the assumption that it was received in evidence. Having objected to its introduction in the court below on the

ground of immateriality, it can not now complain that the letter ought to have been excluded as hearsay testimony. Bockenstoe v. Railroad, 23 Mo. App. 148; State v. Hope, 100 Mo. 347. (3) Appellant's second point also is wrong in point of fact. Witnesses Marvin and Wiltsey were not offered by plaintiff as experts, and did not testify as such. They testified to certain things that they saw. Moreover, as no objection on this ground was made in the court below, the qualification of these witnesses as experts can not now be called in question. Bockenstoe v. Railroad, 23 Mo. App. 148; Schlereth v. Railroad, 115 Mo. App. 87, 103.

BLAND, P. J.—The suit was begun before a justice of the peace to recover the sum of $245.52 alleged to be due for one car of prime red globe onions. The cause was taken by appeal to the circuit court, where on a trial *de novo* plaintiff recovered judgment, from which defendant appealed.

The plaintiff to prove the case offered the following telegrams:

"St. Louis, Mo., April 14, 1896.

"R. P.-Conklin, Esq.

"Dear Sir:—On receipt of letter you may wire us prices, delivered E. St. Louis, car choice or fancy red globe onions, in bulk or *sax*. If you have none, kindly give us name of parties who have.                    Respectfully,

        "Redemeyer-Hollister Commission Co."

To which plaintiff replied by wire: "Have car prime red globe onions. Can you use them dollar cwt. delivered? Answer."

On the day of the receipt of this telegram defendant replied by wire as follows: "Weather hot. Think safe. If stock dry, sound, let car come. Exercise your judgment." On April 22, plaintiff shipped car load of onions to de-

fendant, which arrived at East St. Louis on April 28. Before the arrival of the car, but after its shipment, to-wit, on April 24, defendant wired plaintiff as follows: "Stop car onions. Too hot. New Orleans shipping new crop." On the same day plaintiff replied by wire: "Car onions shipped 15th (22nd). Letter mailed." On the day of the arrival of the car, April 28, defendant wired plaintiff as follows: "Car onions bad condition. Badly sprouted. Answer." Plaintiff, to this, on same day replied by wire: "Onions were not sprouted when shipped; if picked out would be few; no fault mine." Plaintiff offered evidence tending to prove that the onions were a prime lot, sound and dry when shipped, and that the car contained 27,730 pounds of onions; that he had received $31.78 on the onions, and that there was due him a balance of $245.52. On April 28, 1896, plaintiff wired Haueisen & Lang, St. Louis, Mo., as follows: "Will you please send man to inspect condition of car onions, Redemeyer-Hollister. Clover Leaf. Private. Report by mail. R. P. Conklin." The reply by telegram and letter of Redemeyer-Hollister were offered in evidence by plaintiff, but were, on the objection of defendant, excluded.

On the part of defendants the testimony of witnesses, who inspected the car on the day of its arrival, was to the effect that the onions on top and from two to five inches deep were soft, rotten and sprouted, and that the lot was undersized and were not in good condition, and that they would not have been in this condition had they been sound and dry when shipped. At the close of all the testimony defendant moved the court to instruct the jury to find for it. This the court refused, and gave correct instructions covering the whole case. There was testimony on the part of plaintiff sufficient to warrant the court to submit the issues to the jury. There is no force in the objection to the testimony of the

New York witnesses as to the condition of the onions when loaded in the car. It required no unusual experience for one to tell a dry onion from a soft rotten one, or an onion without sprouts from a sprouted one, nor an onion of good size from one under size. Onions are a vegetable of common use, and are grown in all sections of the country. They are subjects of common knowledge, and like all other things of common knowedge, may be described as to size and condition by the common people with accuracy, and to the satisfaction of the jury.

Discovering no reversible error in the record the judgment is affirmed. All concur.